The Honorable Lonnie P. Clark State Representative P.O. Box 406 Berryville, AR 72616
Dear Representative Clark:
This is in response to your request for an opinion on whether the local wealth charge (under the minimum foundation law) should be increased when carryover balances are distributed, or whether carryover moneys should be distributed under the current formula and the charge levels increased only when new moneys are raised for education.
Although reference is made in your correspondence to Act 24 of 1989 as the controlling piece of legislation, it must be initially noted that this act as amended during the Third Extraordinary Session of 1989. Act 37 of the special session amended A.C.A. 6-20-306(a)(2-4), as amended by Act 24 of 1989, to read in pertinent part as follows:
 (2)(i) Beginning July 1, 1989 and ending October 31, 1989, the charge levels as provided by this Act shall be increased by one (1) mill against each property class except personal property, utilities and regulated carriers, for each $25,000,000 or major fraction thereof increase in funding by the State for Minimum Foundation Program Aid. . . .
 (ii) Beginning November 1, 1989 and each year thereafter, the charge levels as provided by this Act shall be increased by one-tenth (1/10) mill against each property class, except personal property, utilities and regulated carriers, for each $2,500,000 increase in funding by the State for Minimum Foundation Program Aid. . . .
 (3) Beginning July 1, 1995 and thereafter, the charge levels provided by this Act shall be increased by one-tenth (1/10) mill against personal property, utilities and regulated carriers for each $2,500,000 increase in funding by the State for MFPA. . . .
Acts 1989 (3rd Ex. Sess.), No. 37, 1.
The language of the above provisions would not appear to offer a basis for distinguishing between carryover moneys and new moneys for purposes of determining the charge level. Beginning November 1, 1989, the charge level is to be increased by one-tenth mill "for each $2,500,000 increase in funding by the State." The amount of any increase in funding is reasonably determined by a comparison with the most recent funding figures. The language of Act 37 does not suggest that carryover balances should be excluded from this calculation. We cannot conclude that the phrase "increase in funding" should be equated with "new money", in the absence of a clearer expression of legislative intent to that effect.
It must therefore be concluded, in response to your specific question, that Act 37 of the Third Extraordinary Session of 1989 should be applied when there is an increase in funding by the State, notwithstanding the fact that the increase may include carryover moneys. The amount of the increase will determine whether or not the charge levels shall be raised.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.